IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. KORESKO,<br>　　　Plaintiff,<br><br>　　　v.<br><br>ED MURPHY, et al.,<br>　　　Defendants. | CIVIL ACTION NO. 06-4775 |

**M E M O R A N D U M  &  O R D E R**

Katz, S.J.                                                                                      December 12, 2006

　　　Now before the court are Plaintiff's Motion for Remand and Objection to Removal (Document No. 5) and Defendants' response thereto (Document No. 6). For the reasons set forth below, Plaintiff's Motion will be denied.

**I.  Summary of Facts**

　　　Plaintiff initiated this case in the Montgomery County Court of Common Pleas by filing a Praecipe for Writ of Summons on October 14, 2005. The summons was served upon Defendants via certified mail on October 21, 2005. Plaintiff subsequently filed his Complaint on September 24, 2006 and served it upon Defendants via first class mail on September 25, 2006. Defendants received the

Complaint on September 28, 2006. Defendants removed the case to this court on October 25, 2006.[1]

The Complaint alleges that on September 16, 2005, Plaintiff (a Pennsylvania citizen) entered into an agreement with Defendants (citizens of Alabama) to purchase a pickup truck for $33,599.50. (Defendant Ed Murphy is the president of, and Defendant Michael Brewster is an employee of, Defendant Murphy Automotive Group, LLC.) See Compl. ¶¶ 2-5, 9. Pursuant to this agreement, Plaintiff paid Defendants a deposit of $6,009.50. Id. at ¶ 10. The "Retail Buyers Order" prepared by Defendants to memorialize the agreement included the following language:

> This Order shall not become binding upon either the purchaser or the seller until the vehicle described above is physically delivered and purchaser has received the disclosures required under federal law, if applicable. In the case of a credit sale, the seller shall not be obligated to sell until a finance source approves this Order and agrees to purchase a retain installment contract between the Purchaser and the Seller based on this Order.

Id. at ¶ 11.

Soon thereafter, the deal went bad. Plaintiff claims that Defendants, on or about September 20, 2005, turned the pickup truck over to Bryan Ray, who had brought the parties together for this transaction. Id. at ¶¶ 15-16. Mr. Ray was friends

---

[1] See Plaintiff's Motion for Remand and Objection to Removal, at 2-3.

with Defendant Brewster, and had been briefly associated with Plaintiff and his business, but Plaintiff denies that Mr. Ray was authorized to accept delivery on his behalf. Id. at ¶¶ 16-17, 19. After Mr. Ray took possession of the pickup truck, Plaintiff's agent inspected the pickup truck and discovered that its turbo-charger appeared to have a major oil leak. Id. at ¶ 20. Plaintiff therefore notified Defendants that he considered their agreement rescinded. Id. at ¶ 22. Defendants responded by threatening criminal charges against Plaintiff and by refusing to return his $6,009.50 deposit. Id. at ¶¶ 23-24. (This deposit is the only payment Defendants ever received from Plaintiff.)

Plaintiff further alleges that Mr. Ray has disappeared with the pickup truck, and that Defendants' loss has been covered by insurance. Id. at ¶¶ 26-27. Plaintiff's subsequent investigation into the vehicle's history has revealed that it was previously damaged and was sold with a "salvage title," something Defendants allegedly never disclosed to Plaintiff. Id. at ¶¶ 28-30.

The Complaint asserts, in six Counts, state-law claims for rescission, a declaratory judgment, fraud, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law and of the Alabama Deceptive Trade Practices Act, but it is conspicuously requests "damages in an amount not in excess of $74,999, exclusive of interest and costs." Id. at ¶ 79. Therefore, the only claim

that concerns the court for purposes of Plaintiff's Motion for Remand is Count II, which seeks rescision of the contract between the parties, because a condition precedent to the contract -- "the disclosures required under federal law" -- were allegedly never made.  Id. at ¶¶ 49-51.  More specifically, Plaintiff asserts that Defendants failed to comply with 49 U.S.C. § 32705's requirement that "a person transferring ownership of a motor vehicle shall give the transferee" a written disclosure of the vehicle's cumulative mileage or that the mileage is unknown (if the transferor knows that the odometer has been tampered with).  49 U.S.C. § 32705(a)(1) (2006).

## II.  Legal Standard

Two statutory provisions govern this case.  First, 28 U.S.C. § 1446(b) outlines the procedure for removal:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Second, 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

### III.  Discussion

Plaintiff raises three arguments in support of his motion to remand. First, Plaintiff asserts that Defendants' notice of removal was untimely, because it was filed more than 11 months after service of the summons upon Defendants. Second, Plaintiff argues that Defendants' notice of removal is untimely, because it was filed more than 30 days after Plaintiff filed his Complaint.  Third, Plaintiff claims that the court lacks subject matter jurisdiction over this case.  The court finds none of these arguments persuasive and therefore will deny Plaintiff's Motion for Remand.  Each argument will be addressed in turn.

#### A.  Timeliness of Removal More Than 11 Months After Service of the Summons

Plaintiff argues that Defendants' notice of removal (filed on October 25, 2006) was untimely, because it was filed more than 11 months after service upon Defendants of "the initial pleading setting forth the claim for relief" -- <u>i.e.</u>, the summons.  This argument lacks merit, because the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b) did not start to run until Defendants received a copy of the Complaint on September 28, 2006.  <u>See</u> <u>Sikirica v.</u>

Nationwide Ins. Co., 416 F.3d 214, 223 (3d Cir. 2005) (holding that Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999) implicitly overruled Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48 (3d Cir. 1993), and therefore holding that "a writ of summons alone can no longer be the 'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b)."); Sheller, Ludwig & Sheller, P.C. v. Catalano & Plache, PLLC, No. 06-3806, 2006 WL 3097837, at *2 (E.D. Pa. Oct. 27, 2006) (same, citing Sikirica). Since Defendants filed their notice of removal within thirty days after September 28, 2006, removal was timely in this case. See 28 U.S.C. § 1446(b).

### B.  Timeliness of Removal on October 25, 2006

Plaintiff's second argument is that Defendants' notice of removal (filed on October 25, 2006) was untimely, because it was not filed within the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b). This argument also lacks merit, because the 30-day period for removal started to run when Defendants actually received a copy of the Complaint on September 28, 2006, not, as Plaintiff claims, when Plaintiff filed the Complaint in state court on September 24, 2006. See 28 U.S.C. § 1446(b) (The notice of removal of a civil action or proceeding shall be filed within thirty days after *the receipt by the defendant*, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . .")

(emphasis added); Murphy Bros., 526 U.S. at 347-49; 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 107.30[3][a][iv][A], [3][c] (3d ed. 2003). Again, since Defendants filed their notice of removal within thirty days after September 28, 2006, removal was timely in this case.

### C. Subject Matter Jurisdiction

Plaintiff makes two points in arguing that the court lacks subject matter jurisdiction over this case. First, with respect to diversity jurisdiction, Plaintiff argues that 28 U.S.C. § 1332(a)'s amount in controversy requirement is not satisfied, because Plaintiff requested less than $75,000 in damages. See Compl. ¶ 79. Second, with respect to federal question jurisdiction, Plaintiff baldly asserts that, even though "the Complaint contains *inter alia* counts alleging violations of federal statutes . . . the central dispute in this case is squarely within the purview of state law." Plaintiff's Motion for Remand and Objection to Removal, at 9 (emphasis in original).

Plaintiff is right about diversity jurisdiction, but not about federal question jurisdiction. Plaintiff notes, correctly, that 28 U.S.C. § 1332(a)'s amount in controversy requirement is not satisfied, because Plaintiff was careful to request less than $75,000 in damages, and because it appears that Plaintiff requested this amount in good faith. See 28 U.S.C. § 1332(a); Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount

in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'"); Angus v. Shiley Inc., 989 F.2d 142, 145-46 (3d Cir. 1993).

The court concludes, however, that it has federal question jurisdiction under 28 U.S.C. § 1331 over Count II -- Plaintiff's claim for rescission of the contract between the parties on the ground that a condition precedent to the contract ("the disclosures required under federal law") were allegedly never made -- and supplemental jurisdiction under 28 U.S.C. § 1367 over the rest of Plaintiff's state-law claims. As the United States Supreme Court recently summarized the law in this area:

> Title 28 U.S.C. § 1331 vests in the federal district courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arise[s] under" federal law within the meaning of § 1331, this Court has said, if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

Empire Healthchoice Assurance, Inc. v. McVeigh, 126 S.Ct. 2121, 2131 (2006) (quoting Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 436 U.S. 1, 27-28 (1983)).[2] Since federal law clearly does not create

---

[2] Federal question jurisdiction is necessary for this court to exercise jurisdiction over this non-diversity case, which was removed from state court. See 28 U.S.C. § 1441(a).

the cause of action in Count II, the court may exercise federal question jurisdiction over Count II (and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the other Counts), only if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Empire, 126 S.Ct. at 2131.

>The Supreme Court recently discussed this test in Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005).  In Grable, the Court formulated the test as follows:  "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Id. at 314.  In applying this test, the Court upheld federal question jurisdiction over petitioner Grable's state-law quiet title action to invalidate respondent's title to a certain piece of land.  Id.  The Internal Revenue Service ("IRS") had seized petitioner's land to satisfy petitioner's federal tax delinquency, and had sold it to respondent after the expiration of the statutory redemption period, and after giving petitioner actual notice of the seizure by certified mail.  Id. at 310-11.  Petitioner's quiet title action was founded on the propositions that 26 U.S.C. § 6335(a) required that the IRS serve notice of the seizure personally, not by certified mail, and that the lack of personal service invalidated the  IRS's

seizure and sale of its land.  Id. at 311.  No federal statute authorized a private right of action for petitioner's claim.

In upholding federal jurisdiction in Grable, the Court found it necessary to distinguish Merrell Dow Pharms, Inc. v. Thompson, 478 U.S. 804 (1986).  Merrell Dow held that there was no federal question jurisdiction over a state-law tort claim alleging negligence per se (based on the defendant's violation of a federal misbranding regulation), where there was no private cause of action for violation of the misbranding regulation, and where the exercise of federal question jurisdiction would have disturbed the "congressionally approved balance of federal and state judicial responsibilities" by allowing a tremendous number of garden variety state-law tort cases into federal court.  Grable, 545 U.S. at 314, 316-20.  Some had read Merrell Dow as requiring that the "substantial question of federal law" necessary to invoke federal question jurisdiction over a state-law claim be litigable in a separate private cause of action.  Id. at 317.  The Grable Court expressly rejected this argument and advocated a "contextual enquiry" that requires "sensitive judgments about congressional intent, judicial power, and the federal system." Id. at 317-18.  Application of this "contextual enquiry" yielded the following analysis of petitioner Grable's claim:

> Although Congress indicated ambivalence in this case by providing no private right of action to Grable, it is the rare state quiet title action that involves contested issues of federal law. Consequently, jurisdiction over actions like Grable's would not materially affect, or threaten to affect, the normal currents of litigation. Given the absence of threatening structural consequences and the clear interest the Government, its buyers, and its delinquents have in the availability of a federal forum, there is no good reason to shirk from federal jurisdiction over the dispositive and contested federal issue at the heart of the state-law title claim.

Id. at 319-20 (internal citations omitted).

Plaintiff's rescission claim is analogous to Grable's quiet title claim, and it is therefore within the court's federal question jurisdiction. Plaintiff's rescission claim necessarily raises a federal issue -- i.e., whether the Defendants satisfied the condition precedent to the contract becoming binding by making the disclosures required by federal law (that is, 49 U.S.C. § 32705). If not, Plaintiff is entitled to consider the contract void and recover his deposit.[3] The outcome-determinative nature of this issue makes it "actually disputed and substantial" at this stage of the litigation. Cf. Abrams v. KPMG, LLP, NO. 05-3745, 2006 WL 489504, at *2-*3 (D.N.J. Feb. 28, 2006) (holding that "Defendants' admissions as to the illegality of

---

[3] Though it does not affect the court's decision, it is worth noting that Plaintiff appears to have mischaracterized his claim as one for rescission -- an equitable claim. Pennsylvania and Alabama law, either of which may apply to this case, would consider Plaintiff's claim an attempt to excuse his performance under the contract and recover his deposit. See Rosen v. Empire Valve & Fitting, Inc., 553 A.2d 1004, 1006 (Pa. Super 1989) (holding that purchasers of real estate could recover their down payment where a condition precedent to the sale was not satisfied); Carmichael v. Lambert Constr. Co., Inc., 487 So.2d 1367, 1369 (Ala. Civ. App. 1986) (same).

their actions under federal tax law obviate[d] the need for . . . the resolution of any question of federal law," thus depriving the court of federal question jurisdiction). Finally, the court's exercise of jurisdiction over Plaintiff's rescission claim will not disturb the congressionally approved balance of federal and state judicial responsibilities, because unlike the federal statutes at issue in <u>Grable</u> and <u>Merrell Dow</u>, the federal odometer statute expressly authorizes a private cause of action against violators.  <u>See</u> 49 U.S.C. § 32710(b) (2006); <u>see also</u> <u>Grable</u>, 545 U.S. 318 (analogizing an express federal cause of action to a "welcome mat" to the federal courthouse).  Plaintiff presumably tried to avoid litigating this case in federal court by omitting 49 U.S.C. § 32710(b)'s express private cause of action from the Complaint, but this exercise in artful pleading will not deny Defendants their right to a federal forum for this case.

## IV.  Conclusion

The court concludes that Defendants timely removed this case from state court, that Count II of the Complaint presents a federal question within the meaning of 28 U.S.C. § 1331, and that it has supplemental jurisdiction over the rest of the case under 28 U.S.C. § 1367(a).  Therefore, removal of this case was proper under 28 U.S.C. §§ 1441(a) and 1446(b), and Plaintiff's Motion for Remand will be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN J. KORESKO,**<br>　　　**Plaintiff,**<br><br>　　　　v.<br><br>**ED MURPHY, et al.,**<br>　　　**Defendants.** | **CIVIL ACTION NO. 06-4775** |

## O R D E R

**AND NOW,** this 12th day of December, 2006, upon consideration of Plaintiff's Motion for Remand and Objection to Removal (Document No. 5) and Defendants' response thereto (Document No. 6), it is hereby **ORDERED** that Plaintiff's Motion is **DENIED**.

　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　/s/ Marvin Katz
　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　**MARVIN KATZ, S.J.**